UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
PAMELA P.G.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                        1:22-CV-01148-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In December of 2019, Plaintiff Pamela P.G.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12).

      This case was referred to the undersigned on March 17, 2023. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 14, 16). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on December 11, 2019, alleging disability beginning September 2, 2018. (T at 218, 228, 251).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 12, 2020, before ALJ Brian Kanner. (T at 34-72). Plaintiff appeared with an attorney and testified. (T at 41-70).

### B.  *ALJ's Decision*

On June 25, 2021, the ALJ issued a decision denying the applications for benefits. (T at 17-33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 2, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2023 (the date last insured). (T at 22).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

The ALJ concluded that Plaintiff's diabetes mellitus, diabetic retinopathy, and glaucoma were severe impairments as defined under the Act. (T at 23).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: she cannot be exposed to ladders, scaffolds, unprotected heights, or machinery with moving parts; should not operate a motor vehicle; and cannot engage in work requiring fine visual acuity in both eyes. (T at 14-15).

The ALJ concluded that Plaintiff could perform her past relevant work as a cleaner in housekeeping. (T at 26). Additionally, and in the alternative, considering Plaintiff's age (30 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 27-28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between September 2, 2018 (the alleged onset date) and June 25, 2021 (the date of the ALJ's decision). (T at 28).

On December 16, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

   C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on February 10, 2022. (Docket No. 1). On September 19, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 14,15). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on November 9, 2022. (Docket No. 16, 17). On November 30, 2022, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 18).

## II.  APPLICABLE LAW

   A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff contends that the ALJ did not adequately develop the record regarding her vision.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

In the present case, Dr. Shrikant Bhamre performed a consultative eye examination in March of 2020. Dr. Bhamre found total right eye vision loss and "mild to moderately constricted visual field defect" in the left eye. (T at 534). Plaintiff was observed to navigate and maneuver objects without assistance but walked "very slowly." (T at 535). Dr. Bhamre reported that Plaintiff was not able to read without difficulty. (T at 535).

Dr. Bhamre diagnosed hyperopia/stigmatism/presbyopia of the left eye; extensive old retinal detachment of the right eye with aphakia and very poor vision; old retinal detachment of the left eye with mild to moderately reduced vision and constructive visual field defects; and glaucoma. (T at 535). Dr. Bhamre characterized the prognosis for Plaintiff's right eye as "poor" and left eye as "guarded." (T at 535).

The ALJ found Dr. Bhamre's opinion "partially persuasive," explaining that the examiner's corrected visual examination was "not the best … exam in the file," but concluding that it was indicative of left eye vision limitation, with no useful vision in the right eye. (T at 26). The ALJ noted that Dr. Bhamre's observation that Plaintiff moved "very slowly" was not mentioned in the treating records. (T at 26). The ALJ found Dr. Bhamre's assessment of difficulty in Plaintiff's ability to read inconsistent with the record, including the opinion of Dr. Asher Neren, an expert ophthalmologist who reviewed the record. (T at 26).

Plaintiff argues that the ALJ should have further developed the record concerning her vision, seeking clarification regarding Dr. Bhamre's opinion and/or obtaining another visual acuity test.

The Court finds this argument unavailing.

The ALJ recognized Plaintiff's diabetic retinopathy and glaucoma as severe impairments and found that she cannot be exposed to ladders, scaffolds, unprotected heights, or machinery with moving parts. (T at 23). The ALJ further precluded Plaintiff from operating a motor vehicle and performing work requiring fine visual acuity in both eyes. (T at 23).

The treatment record indicated good vision in Plaintiff's left eye, including acuity findings of 20/20 to 20/30. (T at 24-25, 408, 419, 421, 423, 426, 428, 431, 469, 482, 485, 568, 581, 626, 649, 701, 754, 787. 794).

The ALJ obtained an opinion from Dr. Asher Neren, an impartial medical expert who is board certified in ophthalmology.

Dr. Neren reviewed the record and opined that Plaintiff should avoid workplace hazards such as unprotected heights, moving mechanical parts, and operating a motor vehicle. (T at 826). He found, however, that Plaintiff could attend to a range of activities of daily living, avoid ordinary hazards in the workplace, read small print, view a computer screen, and determine differences in small objects. (T at 825, 827). The ALJ found Dr. Neren's opinion persuasive. (T at 26).

The non-examining State Agency review physicians noted limitations in Plaintiff's acuity, depth perception, and field of vision, but assessed no workplace limitations. (T at 85-86, 95-96). The ALJ found these opinions "partially persuasive," concluding that the record, including the assessment of Dr. Neren, supported a finding of workplace restrictions related to Plaintiff's vision, which (as noted above) the ALJ incorporated into the RFC.

"[A]n ALJ is not required to attempt to obtain additional evidence to fill *any* gap in the medical evidence; rather an ALJ is required to do so only

where the facts of the particular case suggest that further development is necessary to evaluate the claimant's condition fairly." *Francisco v. Comm'r of Soc. Sec.*, No. 13CV1486 TPG DF, 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015)(emphasis in original); *see also Sampson v. Saul*, No. 19CIV6270PAESN, 2020 WL 6130568, at *6 (S.D.N.Y. Oct. 16, 2020).

Here, while Plaintiff takes issue with the manner in which the ALJ reconciled the evidence concerning her visual impairments, she has not identified any meaningful gaps in the medical evidence and has not demonstrated that further development of the record is necessary to evaluate her condition fairly.

As discussed above, the record includes treatment notes (which included acuity tests), a consultative examination from an ophthalmologist, an expert opinion from another ophthalmologist, and assessments from two State Agency review physicians.  The ALJ reviewed and reasonably reconciled the evidence and incorporated limitations resulting from Plaintiff's visual impairments into the RFC.  The Court, therefore, concludes that the ALJ's decision must be sustained under the deferential standard of review applicable here.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED; and this case is DISMISSED.  The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.


Dated: July 7, 2023            *s/ Gary R. Jones*
                               GARY R. JONES
                               United States Magistrate Judge